**E-FILED**
Tuesday, 28 February, 2006  02:13:27 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JUSTIN HOUGTALING,
   Plaintiff,

  vs.                                                    No. 06-1013

GUY D. PIERCE , et al.,
   Defendants.

ORDER

This cause is before the court for merit review of the plaintiff's complaint.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.  The plaintiff participated in the hearing by video conference.

The plaintiff, Justin Hougtaling, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center.  The plaintiff has named 18 defendants including Warden Guy Pierce, Illinois Department of Corrections Director Roger Walker, Lieutenant John Doe, Jackie Miller, Officers Harris, Woods, Scott, T. Johnssen, White, Terri Kennedy, Libby, Hodge, Whitaker, Nurse Jane Doe, Medtech John Doe, Counselor John Doe, Secretaries Jane Doe and Jane Doe.

The plaintiff's complaint alleges three separate counts.  First, the plaintiff states that Officers Woods, Scott and Harris used excessive force in violation of the Eighth Amendment when they beat him and injured him on December 23, 2004.

Second, the plaintiff states that on December 23, 24 and 25, 2004, he repeatedly asked for medical care for his injuries but was denied treatment.  The plaintiff has adequately alleged that Defendants Johnssen, Lieutenant John Doe, Nurse Jane Doe, Medical Technician John Doe and Officer Harris violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.

The plaintiff's third count is difficult to decipher.  It is entitled "Retaliation right to Petition Denial of Access to Courts." (Comp., p. 8)   The plaintiff says he filed a grievance concerning the assault, but Defendants John Doe, Terri Kennedy, Officers White, Hodge, Libby, Whitaker, Pierce and Miller failed to properly investigate his claims.   Defendant Walker also failed to take any action.  Plaintiff further states that neither Walker nor Warden Pierce responded to any of his letters about the assault because of their secretaries "malicious" handling of his mail.  The plaintiff does not make mention of his grievance concerning lack of medical care.

During the hearing, the plaintiff confirmed that he is complaining about the failure of these defendants to investigate his claims of excessive force.  The plaintiff has failed to state a constitutional violation of his rights.  The plaintiff at first seems to state a retaliation claim when he alleges that the defendants maliciously withheld his grievance, but his complaint also clearly states that his grievance was denied.  The plaintiff is dissatisfied with the results.  He does not believe the defendants did a proper investigation of his claim and should have responded to his letters.  This does not state a violation of the plaintiff's constitutional rights.  The court will therefore dismiss the third allegation and the corresponding defendants.

For clarification of the record, the plaintiff's surviving claims are stated against the defendants in their individual capacities only.  Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

The plaintiff was advised that he needs to provide the court with the names of the surviving John or Jane Doe defendants as soon as possible or they may be dismissed from this action.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff has adequately alleged for notice pleading purposes that:**
   **a) Officers Woods, Scott and Harris used excessive force in violation of the Eighth Amendment  when they beat him and injured him on December 23, 2004.**
   **b) Defendants Johnssen, Lieutenant John Doe, Nurse Jane Doe, Medical Technician John Doe and Officer Harris violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition on December 23, 24 and 25, 2004.**
**Both claims are against the defendants in their individual capacities only.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. The clerk is directed to dismiss Defendants Guy Pierce, Roger Walker, Jackie Miller, White, Kennedy, Libby, Counselor John Doe, Hodge, Whitaker, and Secretaries Jane Doe and Jane Doe.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) The plaintiff's motion to proceed in forma pauperis is granted. [d/e 1] The agency having custody of the plaintiff is directed to remit the docketing fee of $250.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $250.00 in his trust fund account, the agency must send 20 percent of**

the current balance, or the average balance during the past six months, whichever amount is higher.  Thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $250.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $250.00. The clerk is to provide a copy of this order to the trust fund office.

5) This case is referred to the magistrate judge for entry of a scheduling order directing service and setting a Rule 16 conference date.

6)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

7)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this 28th day of February, 2005.


**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE